OPINION OF THE COURT
William H. Keniry, J.
This proceeding, initiated under authority of section 298 of the Executive Law, challenges the propriety of a determination made by respondent New York State Executive Department, Division of Human Rights, on January 27, 1998 which, inter alia, found no probable cause to the claim that respondent City of Saratoga Springs engaged in an unlawful discriminatory practice concerning its decision not to appoint petitioner to a position of police officer and which concomitantly dismissed petitioner’s complaint against the City.
In August 1992 the City interviewed several candidates for two available positions as police officers. Petitioner was one of the two highest scoring candidates on a civil service examination for the position and was interviewed along with other eligible candidates. Respondent City hired two individuals whose test scores were lower than petitioner’s, one black male and one white male. Petitioner is a white male and contends that he is more qualified than either of the individuals hired.
In August 1993 petitioner filed a formal written complaint with the State Division of Human Rights (SDHR) alleging a claim of racial discrimination. In August 1992, Lewis J. Benton III was the City’s Commissioner of Public Safety. Benton was responsible for the ultimate decision to hire the two other candidates and to bypass petitioner. Benton was an elected City official serving as a member of the City Council as well as the chief administrator of the City’s Public Safety Department. On February 18, 1997 SDHR’s regional director issued a determination concluding that there was probable cause to believe that the City engaged in an unlawful discriminatory practice and recommended that a public hearing be held. At the time this determination was issued, Benton was no longer a City official. On March 27, 1997 Benton sent a detailed letter to SDHR’s general counsel criticizing the determination, pointing out several alleged factual errors and stating that he was requesting “that the Division set aside the original determination”. A copy of the letter was not sent by Benton to the petitioner, the petitioner’s counsel, the City or the City’s attorney. The letter listed a return address which appears to be Benton’s residence. There is no indication that SDHR, after *400 receipt of the letter, forwarded a copy to petitioner, petitioner’s counsel, the City or the City’s attorneys. Subsequently SDHR on June 18, 1997 issued a “reopening order” which stated, in relevant part, as follows:
“A review of the file compels the conclusion that further investigation should be conducted and the probable cause determination should be reevaluated; it is therefore
“ordered, that the determination dated February 18, 1997, be reopened, pursuant to Section 465.8(b) of the Rules of Practice; and it is further
“ordered, that the case be remanded to the Regional Director for further investigation.”
The decision to issue a “reopening order” after reconsideration appears to have been based upon an inter-office memorandum dated May 22, 1997 made by SDHR’s case review unit identifying specific areas which the reviewer felt required additional investigation. SDHR’s certified administrative record, which is before the court, does not indicate that either petitioner, his attorney, or the City or its counsel were ever subsequently formally contacted to supply additional information or to appear before SDHR for further proceedings. The only record in SDHR’s case file concerning notice to any party is a notation contained in a section of the file entitled “chronology events report” which states: “Complainant attorney contacted on different occasions in October and November, 1997. Complainant’s attorney was asked to submit evidence that would sustain a Probable Cause finding. Complainant’s attorney has failed to do so.”
On January 21, 1998 SDHR’s regional director issued an inter-office memorandum entitled “Final Investigation Report and Basis for Determination” which states, in pertinent part:
“II. SUMMARY OF INVESTIGATION
“Probable Cause was issued in this case in February, 1997 and it was reopened by the Case Review Unit in June, 1997. The case Review Unit requested evidence to support the P.C. determination.
“Follow up information was requested from complainant attorney in October and November, 1997.
“Complainant’s attorney was advised that he would have to address the issues in the P.C. reopening statement.
“HI. BASIS FOR DETERMINATION
“Complainant’s attorney offered no other or new information to support the P.C. Determination.
*401 “IV. DETERMINATION
“Based on the foregoing and the record as a whole, I hereby find No Probable Cause to support the allegations of discrimination.”
This was followed by the order of dismissal.
On March 30, 1998, petitioner commenced this special proceeding by filing a notice of petition and petition. Respondent SDHR has answered the petition and has filed a certified transcript of the record of all prior proceedings before it but takes no position with respect to the merits of the proceeding. Respondent City of Saratoga Springs answered the petition and, in addition, submitted affidavits from Lewis J. Benton III and Kenneth King, Chief of Police. Petitioner objects to the court’s consideration of the two affidavits in making its decision.
As a preliminary matter, the court’s review of SDHR’s order dismissing petitioner’s complaint is limited to the contents of the certified administrative record. The affidavits of Lewis J. Benton III and Kenneth King, both sworn to on April 23, 1998, are not part of the administrative record which has been certified by SDHR and thus such affidavits are dehors the record and have not been considered by the court in deciding this proceeding.
Second, respondent City’s challenge to the timeliness of the commencement of this proceeding is without merit. Executive Law § 298 provides that a proceeding to obtain judicial review of an SDHR order must be initiated within 60 days after the service of the order. In this case, the 60-day period expired on a Saturday, March 28, 1998, thus affording petitioner until the next business day, Monday, March 30, 1998, to file this proceeding (General Construction Law § 25-a).
Turning to the merits, the court has found no case on point and neither petitioner nor respondent City has cited any legal authority as precedent for the court’s review of the matter.
Initially petitioner is correct in his assertion that Lewis J. Benton III lacked standing as an individual to appear in this proceeding even though he was the City official who made the challenged determination. Section 292 (17) of the Executive Law defines the term “parties to a proceeding” as meaning “the complainant, respondent, necessary parties and persons permitted to intervene as parties in a proceeding with respect to a complaint filed under this article”. Benton is not a party within the statutory definition. He may be a witness as he is *402 familiar with the facts and the rationale for the decision the City made to hire others over petitioner.
Following SDHR’s issuance of its probable cause finding, SDHR’s regulations provide three avenues for further review or reconsideration. 9 NYCRR 465.8 provides as follows: “(b) A special unit, called the review unit, will review probable cause determinations as necessary. If such unit determines that the record of investigation does not support a finding of probable cause, it may order such matter reopened and dismissed, or in the appropriate case, reopened and remanded to the regional office with instructions as to further proceedings.”
9 NYCRR 465.20 states as follows:
“(a) Reopening on commissioner’s own motion.
“(1) The commissioner, or any designee of the commissioner including, but not limited to, those specifically referred to in these rules, may, on his or her own motion, whenever justice so requires, reopen a proceeding, determination or record, and take such action as may be deemed necessary.
“(2) No case shall be reopened where an appeal has been taken to court from an order dismissing a case for lack of probable cause or lack of jurisdiction. However, the division may request the court to remand such a case for good cause.
“(b) Reopening a probable cause determination on application of a respondent.
“(1) The commissioner, or any designee of the commissioner, may, on written application of a respondent, made within 60 days after the division issues a determination of probable cause, whenever justice so requires, reopen a proceeding and take such action as may be deemed necessary. The general counsel shall be the designee of the commissioner for the purposes of this subdivision.
“(2) Respondent’s application must be served on all parties. Complainant will be given an opportunity to submit a response to the application. No additional submissions from the parties will be accepted.”
In this case the court is concerned that the impetus for reconsideration may have been Benton’s letter of March 27, 1997. Such letter was addressed to the general counsel of SDHR as required by 9 NYCRR 465.20 (b) (1). Yet the notice requirements of that section were not subsequently followed by SDHR. As a nonparty, Benton did not possess standing to ask for reconsideration either on his behalf or on behalf of the City. The import of his letter upon the administrative process will *403 never be gauged but in view of 9 NYCRR 465.20 (b), if SDHR considered it (the letter is included in the certified record), SDHR certainly should have notified petitioner and the City of receipt of the letter and if not, it should have declined to consider it and so notify Benton and the parties as a matter of fundamental fairness.
Notwithstanding this potential procedural irregularity, SDHR itself possessed a right to reopen the determination finding probable cause under either 9 NYCRR 465.20 or 9 NYCRR 465.8 (b) without a request from either complainant or respondent.
Once the order to reopen the proceeding was made, elemental principles of due process and fair notice were not afforded to petitioner or respondent City. The reopening order specifically contemplated a remand to the regional director for further investigation. SDHR’s case review unit identified particular areas that it felt warranted additional inquiry. Specifically, for example, a complete review of the applications of the candidates for the police officer positions was recommended. The certified administrative record does not show that such records were ever procured and reviewed. Petitioner’s counsel, although he concedes that he received two telephone calls about the matter, was never formally advised what additional evidence was needed nor was he specifically asked to produce particular additional evidence, to further address specific issues of proof, or to appear before the agency. The respondent City was likewise never asked to produce the employment applications of all of the interviewed candidates. The certified record fails to disclose that any additional postreopening investigation was conducted. The issues identified by SDHR as warranting further consideration and justifying the reopening were then not addressed in the decision determining that there was no probable cause to petitioner’s complaint. No explanation was made in the decision explaining why there was a reversal in SDHR’s initial assessment finding probable cause.
The court concludes that SDHR’s determination dated January 27, 1998 was arbitrary and capricious. It is the judgment of the court that said determination be vacated, annulled and set aside and the proceeding remitted to SDHR for further proceedings not inconsistent herewith and consistent with the order dated June 18, 1997 of SDHR directing a reopening of the proceeding for further investigation.
The petition is granted to the extent indicated without costs.